**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:21-CR-00285-ALM-AGD |
| | § | |
| TIMOTHY GENE HUGHES, JR. (29) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Timothy Gene Hughes Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 21, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Philip Ray of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on January 25, 2024, before Chief District Judge Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Manufacture and Distribute 40 Grams or More of a Mixture or Substance Containing a Detectable Amount of Fentanyl, a Class B felony. This offense carried a statutory minimum imprisonment term of 5 years and a maximum of 40 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. Defendant was subsequently sentenced to time served followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of financial information, substance abuse testing and treatment, mental health treatment and a $100 special assessment. On January 25, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

On March 8, 2024, Defendant's conditions of supervision were modified to include a special condition ordering he must not possess or consume alcoholic beverages. On October 3, 2024, Defendant's original term of supervised release was revoked, and Defendant was sentenced to six months of imprisonment followed by an additional 5-year term of supervised release. Defendant completed his revocation custody sentence on March 14, 2025, and commenced his new term of supervised release in the Eastern District of Texas.

On October 6, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #1863, Sealed). The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1 & 2) (mandatory) Defendant must not commit another federal, state or local crime; (3) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (4) (special) Defendant must not possess or consume alcoholic beverages; (5) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program; and (6) (standard) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. (Dkt. #1863, at pp. 1–4, Sealed).

The Petition contains six (6) allegations against Defendant: (1) On October 2, 2026, Defendant was arrested by the Denton County Sheriff's Office (DCSO) in Denton County, Texas for committing the offenses of Driving While Intoxicated, in violation of Texas Penal Code § 49.04, and Evading Arrest Detention, in violation of Texas Penal Code § 38.04. According to information obtained from DCSO and the arresting deputy, Defendant was observed as the sole occupant of a vehicle that had been driven into a muddy ditch at approximately 3:13 a.m. When the deputy arrived, Defendant was outside the vehicle and fled on foot after seeing the deputy. The deputy observed Defendant drop an alcoholic beverage while fleeing. Defendant was apprehended shortly thereafter and was taken into custody without further incident. The arresting deputy advised that Defendant had an odor of alcohol coming from his person and displayed signs of intoxication. Defendant refused to provide a breath sample, and a blood sample was subsequently obtained pursuant to a warrant. The results remain pending. On the same date, Defendant posted bond and was released from custody. As of the date of the Petition, Defendant's charges remain pending in Denton County, Texas; (2) On December 28, 2025, Defendant was arrested by the Lewisville Police Department in Lewisville, Texas, for committing the offense of Public Intoxication, in violation of Texas Penal Code § 49.02. According to the offense report, on that date at approximately 12:45 a.m., officers responded to a motel regarding a suspicious person who was reportedly shirtless in the parking lot and punching a vehicle. Upon arrival, officers observed Defendant as the sole occupant of a vehicle. Officers observed he was missing his right shoe, his zipper down, his eyes were red, and he had dried blood on his nose. Additionally, officers detected an odor of alcohol coming from Defendant's person. Defendant refused to perform field sobriety tests and was taken into custody for public intoxication. On February 10, 2026, the Public Intoxication charge went into warrant status with the Lewisville Municipal Court and was signed

by the judge on February 11, 2026. Defendant appeared in court the following day and established a payment plan. The warrant was not issued. As of the date of the Petition, Defendant has made one payment toward the balance, which is currently past due; (3) On June 22, 2026, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which tested positive for cocaine and marijuana. Defendant admitted in writing to using both substances on June 15, 2026; (4) On October 2, 2026, Defendant possessed an alcoholic beverage, as evidenced by the arresting deputy observing him drop an alcoholic beverage while fleeing on foot during the incident that resulted in Defendant's arrest for Driving While Intoxicated and Evading Arrest Detention. On January 5, 2026, Defendant admitted in writing to consuming alcohol on December 28, 2025, as evidenced by his arrest for Public Intoxication in Lewisville, Texas on the same date; (5) On April 2, 2026, Defendant completed a substance abuse evaluation at McCary Counseling in Denton, Texas, and was recommended to participate in weekly Cognitive Behavioral Group treatment and individual substance abuse counseling. Defendant failed to attend treatment sessions as instructed on September 2, 2025, January 22, 2026, and September 1, 2026. As such, Defendant failed to participate in the substance abuse treatment program. Additionally, Defendant failed to submit urine specimens at McCary Counseling Services in Denton, Texas, as instructed and as part of the U.S. Probation Office's random drug testing program on May 29, 2025, September 27, 2025, March 27, 2026, May 29, 2026, June 4, 2026, July 13, 2026, July 21, 2026, September 11, 2026, September 19, 2026, and September 30, 2026; and (6) Defendant has failed to maintain full-time employment since August 14, 2026, and has not been excused from the requirement to obtain and maintain full-time employment. (Dkt. #1863, at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (3), (4), (5), and (6) of the Petition. Having considered the

Petition and the plea of true to allegations (3), (4), (5), and (6), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

The Government also moved to dismiss allegations (1) and (2).

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked. The court further recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of ten (10) months, to be served consecutively to any term of imprisonment resulting from Defendant's October 2, 2026, arrest in Denton County, Texas, with no term of supervised release to follow.

The court further recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

The court finally recommends that the Government's motion to dismiss allegations (1) and (2) of the Petition be granted.

**SIGNED this 4th day of November, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE